**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NEO AVIATION SOLUTIONS FZC, a
United Arab Emirates corporation,

     Plaintiff,

v.

AVI-TECHNOLOGIES, LLC,
a Florida limited liability company,

     Defendant.

_____/

CASE NO.: 8:26-CV-1610

## <u>COMPLAINT</u>

Plaintiff, NEO AVIATION SOLUTIONS FZC, ("Plaintiff" or "NEO"), hereby files this Complaint against Defendant, AVI-TECHNOLOGIES, LLC ("Defendant" or "AVIT"), and in support thereof states as follows:

## <u>PARTIES, JURISDICTION, AND VENUE</u>

1.    Plaintiff, NEO AVIATION SOLUTIONS FZC, is a corporate entity formed under the laws of the United Arab Emirates with a principal place of business in Sharjah, United Arab Emirates.

2.    Defendant AVI-TECHNOLOGIES, LLC, is a limited liability company formed under the laws of Florida with a principal place of business in Davenport, Florida, engaged in the business of sourcing aircraft parts and providing ground support services for aircrafts.  Upon information and belief, AVIT is a single member limited liability company, whose membership is solely owned by Luz Stella Aleman, an individual, who resides in Weston, Florida.

1

Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315  |  T. 954.400.4643  |  F.  954.210.8431  |  service@aerolawcenter.com

3.      This Court has subject-matter jurisdiction as the amount in controversy, excluding interests and costs, exceeds $75,000.00 USD, and there is complete diversity between Plaintiff (a Dubai-based corporation), and Defendant whose place of business, organization, and sole member are all located in Florida.

4.      This Court has personal jurisdiction over AVI-TECHNOLOGIES, LLC, as that Defendant is a limited liability company organized in Florida, formed under the laws of Florida, with its principal place of business in Polk County, Florida.

5.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendant's principal address is in Polk County, a substantial part of the events or omissions giving rise to the claim occurred in Polk County, and a substantial part of the property that is subject to this action is situated in the Middle District of Florida.

## STATEMENT OF FACTS

6.      NEO is an aircraft parts distributor based in Dubai, United Arab Emirates.

7.      AVIT is a limited liability company based in Florida, and engages in the business of sourcing and supplying aviation and aircraft parts, and providing ground support services for aircraft.

8.      Approximately two years ago, NEO and AVIT entered into a business relationship whereby NEO would prepay funds to AVIT for the purchase and shipment of aircraft parts to Dubai, United Arab Emirates.

9.      Throughout the course of this business relationship, NEO has remitted in excess of one million dollars in prepayments for undelivered aircraft parts and components.

10.     To date, AVIT has failed to deliver any of the prepaid parts.

2



Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315  |  T. 954.400.4643  |  F. 954.210.8431  |  service@aerolawcenter.com

11.     AVIT has also failed to return any portion of the approximately $1,187,729.00 USD prepaid by NEO.

12.     AVIT claims that parts manufactured outside the United States were shipped through the United States to the United Arab Emirates but were not properly tagged for re-export, resulting in unexpected import duties and freight costs, of which AVIT is allocating the cost to NEO.

13.     On December 17, 2025, NEO sent a formal demand letter to AVIT, requiring AVIT to propose a resolution on or before January 2, 2026, either by returning the deposit or delivering the parts, with a warning that a failure to acknowledge receipt by December 19, 2025, would result in legal action.

14.     AVIT has engaged in evasive and dilatory conduct in response to NEO's communications and has repeatedly delayed responding to NEO's communication on the matter.

15.     AVIT failed to meet the January 2, 2026 deadline to propose a resolution as demanded in NEO's December 17, 2025 demand letter.

16.     The Davenport, Florida location where AVIT purportedly operates is a residential address in a new housing development, but the specific condition and location of the contracted parts is unknown.

17.     AVIT has not provided clear documentation regarding the specific tariff and freight charges it alleges are due and owing, nor has AVIT provided clear documentation regarding how the remitted funds were expended.

18.     AVIT has not provided clear documentation regarding whether the parts are still in its possession or have been lost, damaged, or sold.

aero Law Center

Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | service@aerolawcenter.com

19.     NEO has tendered in excess of one million dollars to Defendant for goods to be shipped, and Defendant has not shipped the goods, returned the payment, or given any indication on the whereabouts and condition of the goods in question.

## COUNT I - BREACH OF CONTRACT

20.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21.     At all material times, a valid contract for consideration for goods and services existed between the Plaintiff and Defendant, which was evidenced in purchase orders, invoices, shipping documents, and related written communications between the parties.

22.     Plaintiff and Defendant entered into a contract where NEO agreed to disburse funds to Defendant, and Defendant agreed to procure specified aviation parts and ship them to Plaintiff in Dubai, United Arab Emirates.

23.     Plaintiff has paid a total of $1,187,729.00 USD to Defendant, including $1,048,619 USD for undelivered parts, consisting of 64 line-items of parts, $64,750.00 USD allocated as commission to the Defendant for work that has not been performed, $37,460.00 USD in freight charges, and $36,900.00 for incorrectly delivered items.

24.     This contract was formed through the parties' course of dealing over approximately two years.

25.     Plaintiff performed its obligations of the contract by timely tendering all requisite payment to Defendant.

26.     Defendant materially breached the contract by failing to deliver the ordered parts totaling $1,048,619.00 USD. Under Fla. Stat. § 672.301, if an intermediary already

4

aero Law Center

accepted payment for delivery of goods, the intermediary generally must complete delivery unless the agreement specified the liability of these charges, which is not the present case. *Fla. Stat. § 672.301.*

27.    Defendant further breached the contract by failing to return the remitted funds, and by failing to provide any accounting documentation or explanation for the use of the funds. When a payment already occurred, the refusal of shipment may constitute a breach of contract, wrongful withholding, and/or anticipatory repudiation. *Fla. Stat. § 672.610.*

28.    Under Uniform Commercial Code (UCC) Article 2, a shipment contract requires the seller to deliver goods to a carrier and make reasonable arrangements for their transportation, unless the contract specifies otherwise, which it does not in this case. The seller's obligation is to transfer and deliver the goods in accordance with the contract if payment was accepted, goods were identified, and delivery was part of the transaction. The seller must either perform delivery, or refund the money if they refuse to perform. *Fla. Stat. § 672.301.*

29.    Under Fla. Stat. § 672.615, commercial impracticability excuses performance only where an unforeseen contingency fundamentally alters the nature of performance. Mere increases in shipping, tariff, or freight costs are ordinarily insufficient. *Eastern Air Lines, Inc. v. Gulf Oil Corp.*, 415 F. Supp. 429, 441–42 (S.D. Fla. 1975); *Transatlantic Financing Corp. v. United States*, 363 F.2d 312, 315–16 (D.C. Cir. 1966); U.C.C. § 2-615 CMT. 4.

30.    The breach has caused Plaintiff to suffer damages in an amount exceeding one million dollars.

5



31. Plaintiff has also suffered consequential damages, including the inability to fulfill its own obligations, loss of business opportunities, lost profits, and damage to its business reputation.

WHEREFORE, Plaintiff, NEO AVIATION SOLUTIONS FZC, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

## COUNT II- CONVERSION

32. Plaintiff repeats and realleges the allegations set for in paragraphs 1 through 19 as if fully set forth herein.

33. At all material times, a valid contract for consideration for goods and services existed between the Plaintiff and Defendant.

34. Throughout the duration of the parties' business relationship, Plaintiff has sent a total of $1,187,729.00 USD to Defendant for the shipment of goods.

35. Defendant has received this financial benefit, and knew or should have known that these funds were remitted at Plaintiff's expense.

36. At all material times, Plaintiff had a right of possession to the prepaid funds, and if acquired, the aircraft parts and components.

37. Under Florida law, conversion is an unauthorized act which deprives another of his or her property permanently or for an indefinite period of time. *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co., LLC*, 125 F. Supp. 2d 1093 (S.D. Fla. 2000).

aero Law Center

Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | service@aerolawcenter.com

38.     Plaintiff tendered payment to Defendant for the specific purpose of purchasing and shipping aviation parts to Dubai, thereby retaining a right to the funds in the event that Defendant failed to perform.

39.     Since the time Plaintiff sent payment, Defendant has exercised dominion and control over both the aviation parts and Plaintiff's prepaid funds.

40.     Upon information and belief, Defendant still possesses the aviation parts and components ordered by Plaintiff at its facility in Davenport, Florida, and is refusing to deliver the parts to Plaintiff.

41.     The purchase orders and course of dealing between the parties do not authorize Defendant to retain the parts and funds.

42.     Defendant has not provided any legal basis or theory that justifies their alleged entitlement to refuse the shipment of the aviation parts while also holding on to the payment tendered by Plaintiff.

43.     The breach has caused Plaintiff to suffer damages in an amount exceeding $1,000,000.00 USD.

44.     Plaintiff has also suffered consequential damages, including the inability to fulfill its own obligations, loss of business opportunities, lost profits, and damage to its business reputation.

WHEREFORE, Plaintiff, NEO AVIATION SOLUTIONS FZC, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

## COUNT III- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING



Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315  |  T. 954.400.4643  |  F. 954.210.8431  |  service@aerolawcenter.com

45.    Plaintiff repeats and realleges the allegations set for in paragraphs 1 through 19 as if fully set forth herein.

46.    At all material times, a valid contract for consideration for goods and services existed between the Plaintiff and Defendant.

47.    Under Florida law, every contract contains an implied covenant of good faith and fair dealing. *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092 (Fla. 1st DCA 1999).

48.    The implied covenant of good faith and fair dealing requires contracting parties to act honestly and fairly toward one another and prohibits a party from acting in a manner that destroys or injures the other party's right to receive the benefits of the contract.

49.    Plaintiff performed all material obligations required under the parties' agreements, including tendering payment.

50.    Defendant breached the implied covenant of good faith and fair dealing by accepting NEO's payment while failing and refusing to complete shipment of the aircraft parts and components, retaining possession of NEO's aircraft parts and components as leverage to demand additional payments outside the agreed terms, refusing to return NEO's funds or deliver aircraft parts, improperly attempting to shift alleged tariff-related costs onto NEO after accepting the transaction, failing to communicate in a commercially reasonable and transparent manner regarding the alleged tariff costs, and acting in a manner designed to frustrate NEO's contractual expectations and deprive Plaintiff of the benefit of the bargain.

51.    Defendant's actions deprived Plaintiff of the essential benefits of the parties' agreements, including the shipment and delivery of the aircraft parts to Dubai.

8



52.     The breach has caused Plaintiff to suffer damages in an amount exceeding $1,000,000.00 USD.

53.     Plaintiff has also suffered consequential damages, including the inability to fulfill its own obligations, loss of business opportunities, lost profits, and damage to its business reputation.

WHEREFORE, Plaintiff, NEO AVIATION SOLUTIONS FZC, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

### COUNT IV- BREACH OF EXPRESS WARRANTY

54.     Plaintiff repeats and realleges the allegations set for in paragraphs 1 through 19 as if fully set forth herein.

55.     At all material times hereto, a valid contract for consideration for goods and services existed between the Plaintiff and Defendant.

56.     Under Florida's adoption of the Uniform Commercial Code, an express warranty is created by any affirmation of fact, promise, description, sample, or representation made by a seller or contracting party that becomes part of the basis of the bargain. *See Fla. Stat. § 672.313.*

57.     Defendant expressly represented and warranted, through communications, invoices, purchase orders, agreements, and through the course of dealing, that Defendant would receive, process, and ship NEO's aircraft parts and components to Dubai, Defendant would perform the agreed logistics and export-related services in

9

Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315  |  T. 954.400.4643  |  F. 954.210.8431  |  service@aerolawcenter.com

accordance with the parties' agreements, and Defendant would provide the contracted services upon receipt of payment.

58.     Defendant failed to ship the aircraft parts to Dubai after accepting payment and possession of the parts.

59.     Defendant further refused to return the aircraft parts or refund Plaintiff's money and instead retained the aircraft parts and prepaid funds.

60.     Defendant's refusal to perform absent additional payments constituted a material breach of Defendant's express warranties and representations.

61.     As a direct and proximate result of Defendant's breach of express warranty, Plaintiff has suffered damages in an amount exceeding $1,000,000.00 USD.

62.     Plaintiff has also suffered consequential damages, including the inability to fulfill its own obligations, loss of business opportunities, lost profits and damage to its business reputation.

WHEREFORE, Plaintiff, NEO AVIATION SOLUTIONS FZC, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

## COUNT V- BREACH OF IMPLIED WARRANTY

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

64.     At all material times, a valid contract for consideration for goods and services existed between the Plaintiff and Defendant.

**aero** Law Center

Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315  |  T. 954.400.4643  |  F. 954.210.8431  |  service@aerolawcenter.com

65.    Florida law recognizes implied warranties arising from commercial transactions, including implied obligations that services and contractual performance will be performed in a reasonably workmanlike, competent, commercially reasonable, and suitable manner consistent with the intended purpose of the transaction. *See Fla. Stat. § 672.314.*

66.    Defendant accepted Plaintiff's aircraft parts and accepted payment for the purpose of exporting, processing, handling, and shipping the parts to Plaintiff in Dubai.

67.    Defendant knew the intended purpose of the transaction and knew Plaintiff relied upon Defendant's expertise, logistics capabilities, and performance.

68.    Defendant impliedly warranted that it would perform its obligations in a commercially reasonable manner consistent with industry standards and the parties' reasonable expectations.

69.    Defendant breached these implied warranties by failing to timely ship the aircraft parts, retaining possession of the aircraft parts after accepting payment, refusing to return the aircraft parts, refusing to refund Plaintiff's monies, improperly attempting to impose additional charges not contemplated by the parties' agreements, and failing to conduct the transaction in a commercially reasonable manner.

70.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff has suffered damages in an amount exceeding $1,000,000.00 USD.

71.    Plaintiff has also suffered consequential damages, including the inability to fulfill its own obligations, loss of business opportunities, lost profits, and damage to its business reputation.

11

**aero** Law Center

WHEREFORE, Plaintiff, NEO AVIATION SOLUTIONS FZC, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

**COUNT VI- UNJUST ENRICHMENT (in the alternative)**

72.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

73.    Plaintiff conferred direct benefits upon Defendant by delivering valuable aircraft parts and components into Defendant's possession and control, paying Defendant monies pursuant to the parties' agreements and purchase orders, and entrusting Defendant with the responsibility of shipping and distributing the aircraft parts to Dubai.

74.    Defendant knowingly, voluntarily, and intentionally accepted and retained these benefits.

75.    Defendant has failed and refused to complete shipment of the aircraft parts, return the aircraft parts, or refund the monies paid by Plaintiff.

76.    Defendant's retention of both the aircraft parts and Plaintiff's funds constitutes a substantial and inequitable benefit to Defendant.

77.    Any tariff-related expenses associated with the transaction were known or reasonably foreseeable to Defendant before Defendant accepted Plaintiff's payment and entered into the transaction. Defendant either failed to properly assess such costs before contracting or voluntarily assumed those costs as part of its performance obligations.

78.    Defendant has been unjustly enriched at Plaintiff's expense, and as a direct

aero Law Center

FT. LAUDERDALE-HOLLYWOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315  |  T. 954.400.4643  |  F. 954.210.8431  |  SERVICE@AEROLAWCENTER.COM

and proximate result of Defendant's breach of express warranty, Plaintiff has suffered damages in an amount exceeding $1,000,000 USD.

79.    Plaintiff has also suffered consequential damages, including the inability to fulfill its own obligations, loss of business opportunities, lost profits, and damage to its business reputation.

WHEREFORE, Plaintiff, NEO AVIATION SOLUTIONS FZC, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Respectfully Submitted this May 29, 2026.

**AERO LAW CENTER**
*Attorneys for Plaintiff*
Ft. Lauderdale-Hollywood Int'l Airport
1100 Lee Wagener Blvd., Suite 211
Fort Lauderdale, FL 33315
Telephone: (954) 400-4643
Email: service@aerolawcenter.com
           jeanneau@aerolawcenter.com
           salazar@aerolawcenter.com
           pulitano@aerolawcenter.com
           ewing@aerolawcenter.com

*/s/ Jonathan A. Ewing Esq.*
Jonathan A. Ewing, BCS
Florida Bar No: 40972

13

## <u>CERTIFICATION OF COMPLIANCE WITH DISCLOSURE AND VERIFICATION OF ARTIFICIAL INTELLIGENCE GENERATED CONTENT</u>

The undersigned hereby certifies compliance with the requirements concerning the disclosure and verification of use of Artificial Intelligence generated content pursuant to the Ethics Opinions of the Florida Bar, and, specifically, that this document may contain such content, vis-à-vis Lexis Protégé, and associated applications, and that the undersigned attorney has personally viewed and verified the accuracy of any such content.

*/s/ Jonathan A. Ewing, Esq.*_____
Jonathan A. Ewing, BCS
Florida Bar No: 40972

14

**aero** Law Center

Ft. Lauderdale-Hollywood Int'l Airport, 1100 Lee Wagener Blvd., Suite 211, Ft. Lauderdale, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | service@aerolawcenter.com